The Honorable Jay Bradford State Representative P.O. Box 8367 Pine Bluff, AR 71611-8367
Dear Representative Bradford:
You have requested an Attorney General opinion concerning the following question:
 Does A.C.A. § 24-11-413 compel a police department to contribute forfeitures and fines imposed as discipline on "any members of the police department," including those who are members of LOPFI, or only on members of the police department who are members of the local police or fire pension fund?
RESPONSE
It is my opinion, as explained more fully below, that in cities that maintain a local fund (i.e., cities that do not deposit the monies collected under the authority of A.C.A. § 24-11-401 et seq. into the city's account in LOPFI, the state-administered retirement system for police officers and fire fighters), forfeitures and fines imposed on any
member of the police department — including those who may be members of LOPFI[1] — must be deposited into the local fund.
The statute that you referenced — A.C.A. § 24-11-413 — states:
(a) There shall be added to the fund the following moneys:
 (1) All forfeitures and fines imposed upon any member of the police department by way of discipline;
(2) All money given or donated to the fund;
 (3) All money deducted from the salary of any member of the police department on account of absence or loss of time;
(4) All rewards paid for any purpose;
 (5) Ten percent (10%) of all fines and forfeitures collected by the police department of the city for violation of ordinances or state law;
 (6) Six percent (6%) of the monthly salary of each member of the department, to be deducted each month by the city and immediately paid to the board of trustees of the policemen's pension and relief fund; however, the monthly deduction shall be four percent (4%) for police officers contributing to social security unless increased, but not to exceed six percent (6%), by the majority vote of the contributing members of a police department covered by social security; and
 (7) In a city having a population of between sixty thousand (60,000) and sixty-five thousand (65,000) persons, according to the 1990 Federal Decennial Census, ten percent (10%) of all court costs collected by the police department of the city for violation of city ordinances or state law may, if provided for by city ordinance, be added to the fund.
 (b) All cities and towns in which a policemen's pension and relief fund is established shall contribute to the fund an amount not less than six percent (6%) of the police officers' salary.
 (c) The contributions by cities and towns shall not exceed the amount contributed by the police officers except where authorized by appropriation of the city's or town's governing body.
A.C.A. § 24-11-413.
The above-quoted statute is a part of the set of statutes that govern local police pension funds. This set of statutes authorizes cities to elect to levy a tax, the proceeds of which are to be used to create a police pension fund.[2] The fund is supplemented by contributions from other sources, as outlined in A.C.A. § 24-11-413. The contributions to the fund, as outlined in A.C.A. § 24-11-413 are not tied to the participation of the contributor. Indeed, among the listed sources of contributions to the fund are court costs, fines, and forfeitures collected from third parties by the police department for violations of ordinances or state laws. The purpose of A.C.A. § 24-11-413 is simply to outline the supplemental sources of contributions to funds maintained by cities (i.e., sources in addition to the authorized tax). Any city that maintains a fund authorized by these statutes must comply with this structure if it is to maintain its fund.
One of the supplemental sources of contributions to the fund is "forfeitures and fines imposed upon any member of the police department by way of discipline." Id.
This language is unambiguous. It should therefore be given the meaning it has in common usage. Weiss v. Chem-Fab Corp., 336 Ark. 21, 984 S.W.2d 395
(1999). The phrase "any member of the police department," in common usage, clearly cannot be limited to a subgroup of members who are not delineated in the language of the statute — particularly in light of the fact that the statute makes no attempt to tie these supplemental contributions to a particular group. I must therefore interpret this language just as it reads, applying it to all members of a police department, including any members who might participate in LOPFI.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] A situation in which a city is covering some department members under a local fund and others under LOPFI would arise out of the fact that the LOPFI statutes require that all persons hired after the operative date of the LOPFI statutes become members of LOPFI. See A.C.A. § 24-10-301. Some cities may have department members who were covered under the local fund prior to the operative date of LOPFI (and who are still covered under that local fund), as well as department members who were hired after the operative date of LOPFI and therefore are covered under LOPFI. It is my opinion that in cities having some department members covered under LOPFI and others covered under the local fund, the "forfeitures and fines" provision to which you have referred must be applied to forfeitures and fines imposed on any member of the department, including those who may be covered under LOPFI.
[2] These statutes also permit cities that cover their police officers under LOPFI, rather than under a local fund, to levy and collect the described tax, and to deposit the proceeds in the city's account in the LOPFI system. A.C.A. § 24-11-403(c). It is my opinion that the provision you have referenced (A.C.A. § 24-11-413) does not apply in cities that deposit the proceeds of the tax levied and collected under A.C.A. §24-11-401 et seq. into a LOPFI account. Rather, this "forfeitures and fines" provision applies, in my opinion, only to those cities that maintain a local police pension fund. I base this distinction on the fact that cities that deposit their tax proceeds into a LOPFI account do not ever create a local fund that would subject to the provisions of A.C.A. § 24-11-413.